IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| Tess Pohle, individually<br>and as Personal Representative<br>for the Spouse And Children of<br>John Paul Pohle, Jr., Decedent, | )<br>)<br>)<br>)<br>) | |
| Plaintiff, | ) | Civil Action No. 4:21-cv-317 |
| vs. | )<br>) | |
| Union Pacific Railroad Company,<br>a Delaware corporation, | )<br>)<br>) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Tess Pohle, individually and as Personal Representative for the Spouse and Children of John Paul Pohle, Jr., Decedent, and for her claims and causes of action against Defendant, Union Pacific Railroad Company, states and alleges as follows;

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 for the wrongful death and survival action damages resulting from Defendant's negligence that caused, in whole or in part, the injuries, damages and wrongful death of John Pohle.

2. This action is timely commenced within the meaning of 45 U.S.C. § 56.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this case since the action is brought under the FELA, 45 U.S.C. §§ 51-60. Accordingly, subject matter jurisdiction is established under 28 U.S.C. § 1331 (federal question).

4. This Court has general personal jurisdiction over Defendant because the incident causing injuries that resulted in death occurred at Defendant's railroad yards in Marshalltown, Iowa.

5. Venue of this action is proper pursuant to 45 U.S.C. § 56, which allows bringing FELA actions in a court where the cause of action arose or where the defendant is doing business.

## PARTIES

6. Tess Pohle is the surviving spouse of Decedent, John Paul Pohle, Jr., and was duly appointed and qualified as the Administrator In the Matter of the Estate of John Paul Pohle, Jr., Deceased, Case No. ESPR010283, in the Iowa District Court for Marshall County on July 2, 2021, and as such, she is authorized to commence this action. Attached hereto as Exhibit A is a certified copy of the Court's Order dated July 2, 2021.

7. The Decedent, John Paul Pohle, Jr., died on May 25, 2021. At the time of his death, he left surviving him as his heirs at law Tess Pohle, his widow, <u>one minor dependent child</u> and two children of Tess Pohle for whom he provided support, guidance, assistance and love.

8. Plaintiff is a citizen of the State of Iowa and a resident of Marshall County, Iowa. Decedent John Paul Pohle, Jr. was a citizen of the State of Iowa and a resident of Marshall County, Iowa,

9. At the time of the occurrence of the incident alleged herein, John Paul Pohle, Jr. was employed by Defendant as a trainman. All or part of Mr. Pohle's duties were in the furtherance of Defendant's business in interstate commerce; Mr. Pohle was working at Defendant's facility in Marshalltown, Iowa in Marshall County.

10. Defendant is a Delaware corporation. At all times material herein, it owned and operated various railroad tracks and yards in the State of Iowa including the Marshalltown, Iowa railroad yard. Defendant railroad was and is engaged as a common carrier in interstate commerce

and must comply with all laws governing railroad operations including but not limited to 45 U.S.C §§ 51-60 and the Code of Federal Regulations applicable hereto.

### Count I – Negligence and Survival Action

Plaintiff Tess Pohle realleges Paragraphs 1-10 above as though set forth at length and in detail herein.

11. On or about April 30, 2021, John Paul Pohle, Jr. was in the course and scope of his employment working as a trainman for Defendant in its yard in Marshalltown, Iowa. Upon information and belief, Mr. Pohle was assigned to the Utility Job and was working in Defendant's Marshalltown yard.

12. The switch crew consisting of locomotive engineer Michael Miller and switch foreman Levi Beckham was required to switch, set out and move railcars on Defendant's tracks in the Marshalltown yard in accordance with a switch list provided by Defendant.

13. That at all times material herein, Defendant adopted and implemented a railroad operating protocol and management performance program commonly referred to as "Precision Railroading".

14. That "Precision Railroading" emphasizes the movement of railcars and profits for shareholders and corporate officers over safety.

15. During the time of their work in switching cars, the switch crew without warning kicked cars into track 5 where Mr. Pohle was struck while he was coupling air hoses between railcars.

16. Mr. Pohle was knocked down, run over and dragged about 23 feet, his right leg was crushed, mangled and traumatically amputated.

17. The injuries to Mr. Pohle were caused in whole or in party by the negligence of Defendant in failing and neglecting to provide a safe place to work; failing to adopt and enforce

3

370515v1

proper and safe work procedures; failing to provide safe and proper supervision; failing to properly train its workforce; failing to eliminate known dangerous conditions and practices in the Marshalltown yard, and other acts of negligence.

18. At the time and place, Mr. Pohle was performing his job connecting air hoses on track 5 in the manner and method in which he was trained.

19. Suddenly and without warning, Mr. Pohle was struck by Defendant's railcars. Mr. Pohle was knocked to the ground, run over and dragged by railcar IARX 054126. His right leg was mangled and mutilated by the traumatic amputation in the course and scope of his work as a utility man for Defendant Union Pacific Railroad.

20. Mr. Pohle was conscious for an extended period of time, and bleeding from his traumatic injuries and wounds to his upper leg. Mr. Pohle was observed by Defendant's employees and found to be conscious, alert and responsive to first responders and co-workers while lying under or alongside the railcars on track 5 in the Marshalltown railyard.

21. Mr. Pohle was transported to a nearby emergency room and then airlifted to Iowa Methodist Medical Center in Des Moines, Iowa where he was in the Intensive Care Unit.

22. Mr. Pohle underwent multiple surgeries including complete amputation of his leg and subsequent amputation of the leg up to his hip.

23. During the course of his hospitalization, Mr. Pohle was conscious and able to communicate with his wife and family.

24. Mr. Pohle knew then and understood his condition, including his impending death. He was suffering extreme pain, anxiety, emotional distress and feared for his life, his family's future and the pending loss of life.

25. Johnny Pohle died on May 25, 2021 due to complications of traumatic amputation of the right lower extremity including his leg and hip, infection and loss of blood.

26. Mr. Pohle died on May 25, 2021 as a result of Defendant's violation of the Federal Employers' Liability Act, and as a consequence of Defendant failing to provide adequate lighting for the area, failing to maintain the property in a safe condition, failing to exercise required care under the circumstances including safe and proper job briefings, violations of federal regulations in failing to follow its operating rules, failing to comply with and follow General Code of Operating Rules (GCOR), failing to establish and follow reasonably safe work rules, safety rules, work procedures and other applicable safety and industrial standards, failing and neglecting to address and correct safety complaints concerning switching operations involving the protection of utilitymen in the Marshalltown yard and other acts of negligence, all leading to the severe pain and suffering, emotional distress and ultimately the premature death of John Paul Pohle, Jr.

27. Defendant railroad was aware of the unsafe job procedures pertaining to switching operations involving utilitymen in the Marshalltown yard and failed to take corrective action, failed to train its workforce, failed to adopt and implement safe job procedures and failed to supervise its workforce in a meaningful and helpful manner to address the known unsafe job procedures.

## Count II – Negligence and Wrongful Death

Plaintiff Tess Pohle realleges Paragraphs 1-10 and Paragraphs 11-27 in Count I above as though set forth at length and in detail herein.

28. As a consequence of Defendant's negligence, John Paul Pohle, Jr. suffered severe and catastrophic injuries resulting in his death, conscious pain and suffering, lost future wages and earnings, and his family and estate suffered pecuniary and other damages as allowed by law resulting from the horrific, catastrophic injury to his leg, suffered conscious pain, emotional distress and physical and emotional suffering between April 30, 2021 and May 25, 2021 until his death.

29. At the time of his death, John Paul Pohle, Jr., was 40 years of age having been born on May 18, 1981, and was earning and was capable of earning significant sums of money to support himself and his family. Further, his widow (Plaintiff) and children were dependent upon him for support; and during his lifetime, he made contributions to his family, both by way of money and services; and by reason of his death, his surviving spouse and family have been deprived of the pecuniary assistance, household services, and support of Decedent John Paul Pohle, Jr. Also, Mr. Pohle suffered a horrific, catastrophic injury to his leg, suffered conscious pain, emotional distress and physical and emotional suffering between April 30, 2021 and May 25, 2021 until his death.

### Count III –Negligence *per se*/strict liability

Plaintiff Tess Pohle realleges Paragraphs 1-10, Paragraphs 11-27 in Count I and Paragraphs 28-29 in Count II above as though set forth at length and in detail herein.

30. At the time and place described above, Defendant failed to comply with Federal Railroad Administration (FRA) regulations promulgated under the authority of the Federal Railroad Safety Act (FRSA), including but not limited to regulations found in title 49 C.F.R. Part 218, along with the requirements within the FRA regulations that Defendant comply with its operating rules contained in its GCOR, the effect of which establishes liability under negligence per se or strict liability for Mr. Pohle's injuries and damages.

31. As a consequence of Defendant's violations, it caused, in whole or in part, severe, painful and catastrophic injuries to Mr. Pohle resulting in severe pain and suffering and ultimately the wrongful death of Johnny Pohle, along with damages sustained by Mr. Pohle's widow (Plaintiff) and children as hereinafter set forth.

32. At the time of his death, John Paul Pohle, Jr., was 40 years of age having been born on May 18, 1981, and was earning and was capable of earning significant sums of money to

support himself and his family. Further, his widow (Plaintiff) and children were dependent upon him for support; and during his lifetime, he made contributions to his family, both by way of money and services; and by reason of his death, his surviving spouse and family have been deprived of the pecuniary assistance, household services, and support of Mr. Pohle. Also, Mr. Pohle suffered a horrific, catastrophic injury to his leg, suffered conscious pain, emotional distress and physical and emotional suffering between April 30, 2021 and May 25, 2021 until his death.

WHEREFORE, Plaintiff, Tess Pohle, as Personal Representative for the Estate of John Paul Pohle, Jr., Decedent, prays for judgment against the Defendant, Union Pacific Railroad Company, a Delaware corporation, for recovery of special damages and general damages on the causes of action herein, and each of them, together with interest thereon as provided by law, for her costs and disbursements and reasonable attorneys' fees herein, and for such other and further relief as the Court may deem just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

| | |
|---|---|
| Dated: October 15, 2021 | Cortney S. LeNeave, MN 018424X<br>Thomas W. Fuller, MN 0394778<br>**HUNEGS, LeNEAVE & KVAS, P.A.**<br>1000 Twelve Oaks Center Drive, Suite 101<br>Minneapolis, MN 55391<br>Tel: (612) 339-4511<br>Fax: (612) 339-5150<br>cleneave@hlklaw.com<br>tfuller@hlklaw.com<br><br>-and-<br><br>**LEDERER WESTON CRAIG, P.C.**<br><br>  /s/ *Kent A. Gummert*<br>Kent A. Gummert, AT0003032<br>4401 Westown Parkway, Suite 212<br>Des Moines, IA 50266<br>Tel: (515) 224-3911<br>Fax: (515) 224-2698<br>kgummert@wclawyers.com<br><br>**ATTORNEYS FOR PLAINTIFF** |

8

370515v1

# IN THE IOWA DISTRICT COURT FOR MARSHALL COUNTY

IN THE MATTER OF THE

ESTATE OF JOHN POHLE

Case No. 02641 ESPR010283

**Letters of Appointment**

Docket Event Code: LEAP

KNOW ALL PERSONS BY THESE PRESENTS:
That having been duly appointed and qualified as Administrator of the above entitled matter,

TESS MARIE POHLE

is vested with all powers authorized by law in the premises.

Letters issued: 07/02/2021



/s/ CAROL HANEY
Clerk of Court/Designee
MARSHALL County

IN THE IOWA DISTRICT COURT FOR MARSHALL COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE | : | PROBATE NO. ESPR0_____ |
| OF | : | ORDER FOR SMALL ESTATE ADMINISTRATION AND APPOINTING |
| JOHN PAUL POHLE, JR., DECEASED | : | ADMINISTRATOR |

The Petition for Small Estate Administration was presented to the court, and the court finds and orders as follows:

The facts stated in the Petition for Small Estate Administration appear to be true.

Decedent died intestate.

The petitioner is a proper person to make such application.

Good cause has been shown for the administration of the estate of John Paul Pohle, Jr. as a Small Estate and for appointment of an Administrator for the estate.

Tess Marie Pohle is suitable and qualified to act as an Administrator of the estate without bond.

Decedent's surviving spouse as the only interested person has waived notice of hearing, has waived the statutory requirement that a bond be filed, and the Court finds that the interests of the creditors will not be prejudiced and bond should be waived as this estate is being opened solely to pursue a personal injury and wrongful death claim and there are no other probate assets in this estate at this time.

**IT IS ORDERED THAT:**

Tess Marie Pohle is appointed as Administrator of this small estate.

No bond shall be required.



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| ESPR010283 | SMALL ESTATE OF JOHN PAUL POHLE, JR. |
| **Type:** | ORDER APPOINTING |

So Ordered

*James C. Ellefson*

James C. Ellefson, District Court Judge
Second Judicial District of Iowa

Electronically signed on 2021-06-30 20:27:30